## Berntheizel Estate

*John W. Briehl,* for accountant.

*Clarence C. Mendelsohn,* for widow.

*Jan L. Deelman* and *Mark C. McQuillen,* for legatees.

MUTH, P. J., November 25, 1968.—Norman A. Berntheizel died testate December 17, 1965, survived by his widow, Edith M. Berntheizel. Testator's will contains the following reference to his widow: "My estranged wife, Edith M. Berntheizel, shall have no part of my estate except that which she can obtain under law by litigation."

The said Edith M. Berntheizel, on January 4, 1966, filed her election to take against the will of testator. There being no issue, she has a one-half interest in the estate.

Objections have been filed to the account and to the proposed distribution on behalf of the widow of testator. These objections present two questions: (1) The widow having filed her election to take against the will of testator, is the real estate of testator subject to sale by the executor of his estate? (2) what is the extent of the widow's interest in the estate and her share of distribution?

It must be noted that the account shows the estate contains personal property in the sum of $1,558.83 at inventory valuations, and real estate valued at $19,000. The administration expenses, debts and other proper disbursements out of personal property amount to $3,793.33. It would appear obvious that the sale of the real estate was required in order to pay debts and expenses of administration. However, the more specific question as to the authority of the executor to sell after the widow has filed her election to take against the will requires more detailed examination: Bregy, Intestate, Wills and Estates Acts of 1947, pages 2609 and 8055, has the following to say about this problem:

[Under the Act of 1917, when the spouse took contrary to the will as to real estate, she became] "entitled to an undivided fractional interest in each parcel owned by decedent at his death, including land specifically devised. *Heineman's Appeal*, 92 Pa. 95. And this interest cannot be affected by the exercise of a power of sale given to the executor in the will or by a direction to sell resulting in an equitable conversion. ... .

"The Fiduciaries Act of 1949, P. L. 512, 20 P.S. §320.1 et seq. now subjects real estate to the executor's power of sale (§541) and to the court's directions

as to distribution in kind. (§734). Hence the spouse's interest in real estate would seem to be changed to a fractional interest in the estate generally."

The problem has also been considered in Runyan Estate, 21 D. & C. 2d 180, 10 Fiduc. Rep. 379. There, the widow took against the will of testator and the court, in its opinion, stated the following.

"Under section 543 of the Fiduciaries Act of 1949 (20 P.S. 320.543), the personal representative may sell real estate of the decedent, including property specifically devised, at public or private sale, under order of the orphans' court, whenever the court shall find such sale to be desirable for the proper administration and distribution of the estate. . . .

"Under Section 8(b) of the Wills Act of 1947 (20 P.S. 180.8(b) ), 'The surviving spouse, upon an election to take against the will, shall be entitled to one-third of the real and personal estate . . . if the testator is survived by more than one child . . . and in all other circumstances the surviving spouse shall be entitled to one-half of the real and personal estate' . . .

"Where a widow elects to take against the will of her husband her election destroys the will as to her and she must take what the law would give her had her husband died intestate. . . .The widow, subject to the right of the personal representative to sell real estate, becomes a co-tenant with the devisee and she and the devisee may convey good title thereto. . . . The widow then takes a one-half interest in the real estate, and not merely the right to one-half the value thereof. . . . The question of the distribution of the proceeds of the sale will be passed upon on final distribution, but it is not amiss to point out that the widow will be entitled to one-half thereof absolutely."

Runyan Estate, supra, is the subject of an annotation in Fiduciary Review of July 1960, in which it is described as the first case reported since the enact-

ment of the decedents' estates laws of 1947-1951 dealing with the nature of the electing spouse's right to specifically devised real estate. The editor there discusses the prior law and the effect thereupon of the Fiduciaries Act of 1949, and points out that under existing law the spouse's rights in real estate are subject to the power of the personal representative to sell and to all orders of the court, and concludes that the only apparent manner in which the spouse can insist on an interest in a particular parcel of real property is by choosing it for the family exemption. He further concludes that the legislation of 1947-1951 has resulted in the treatment of real estate "much the same as personal property."

In Burk Estate, 37 D. & C. 2d 528, 15 Fiduc. Rep. 449, the widow took against the will of decedent and in the opinion of Judge Taxis, after citing section 11(b) of the Estates Act of 1947, as amended, and section 8(b) of the Wills Act of 1947, P. L. 89, as amended, concluded as follows:

"an electing spouse under present circumstances is '. . . entitled to one-third of the real and personal estate of the testator. . . ' . It is apparent, therefore, that the interest of the spouse is not limited to money values, whatever they may be, and that she receives by her election a one-third interest in all property within its scope, subject only to charges and claims superior to her interest. This conclusion was also reached in Runyan's Estate, 10 Fiduc. Rep. 379."

In Burk Estate reference to one-third interest in the estate is made because of the fact that there were children of decedent.

It is, therefore, clear that the real estate of Norman A. Berntheizel was properly sold by the executor of his estate, since such sale was required in order to pay debts and expenses, and that the widow of decedent is entitled to one-half interest in the said real estate,

subject to all charges and claims superior to her interests, which, in this case, consist of taxes, liens and expenses of conveying, but undiminished by attorneys' compensations and executor's commissions. According to the account as filed, the proceeds of the sale of real estate are $15,540.70, less administration expenses of $2,262.50, plus income in the sum of $2,041.42, for a total of $15,119.62, of which she is entitled to one-half, namely, $7,559.81, of which the sum of $1,628.20 already paid to her is marked to the use of the accountant. The balance of $5,931.61 is awarded unto her in cash.